CONWISHER v. SCHIMMEL.

1. MONEY RECEIVED—ACTION—EQUITY—POSSESSION OF ANOTHER.
   When one has money in his possession which, in equity and good conscience, belongs to another an action lies therefor.

2. SET-OFF AND RECOUPMENT—EXCHANGE OF PROPERTY.
    In suit to foreclose mortgage given incident to exchange of real
        estate sum paid plaintiff by defendant for specific purpose of
        renewing mortgages and not so used but retained by plaintiff,
        *held,* proper item to set off against plaintiff's claim.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 16, 1935. (Docket No. 93, Calendar No. 38,179.) Decided May 17, 1935.

Bill by Max Conwisher against Joseph Schimmel and wife to foreclose a mortgage. Decree for plaintiff. Defendants appeal. Remanded with directions to enter corrected decree.

*David Anderson* and *David Anderson, Jr.,* for plaintiff.

*Lewis R. Williams,* for defendants.

EDWARD M. SHARPE, J. Prior to February, 1931, the defendants were the owners of certain property in Chicago. This property was incumbered by a first mortgage in the sum of $6,000 and a second mortgage in the sum of $4,000, one of which mortgages became due and payable May 1, 1931.

Defendants entered into an agreement with plaintiff to exchange the Chicago property for plaintiff's 160-acre farm near Paw Paw, Michigan, said farm being subject to a $5,000 mortgage held by the Federal Farm Loan. In February, 1931, the parties traded properties and a written agreement was entered into concerning the same, two clauses of said agreement being as follows:

"One store and flat bld. located at 3759 Southport avenue, Chicago, Ill. Subject only to a first mortgage of $6,000 and a second mortgage of $4,000. One of which mortgages becomes due and payable

May 1, 1931, and first parties hereby agree to arrange for a renewal of the same as of that date; said renewal to be at expense of first parties and agreement therefor to be secured from mortgagee in writing before deal closed. * * *

"It is hereby further agreed by and between the parties hereto that all rents, taxes, interest and insurance shall be pro-rated as of the date of closing the exchanges."

On the same day that the deal was consummated between the parties, the defendants gave plaintiff a note in the sum of $1,000 secured by a second mortgage on the Michigan farm, and, at the same time, defendant Joseph Schimmel paid over to plaintiff certain moneys to be used by plaintiff in obtaining renewals of the two mortgages upon the Chicago property. As a matter of fact, no money was paid for renewals and the mortgages were not renewed owing to the refusal of the bank to renew the first mortgage.

In October, 1931, one of the mortgagees of the Chicago property took a judgment against defendants, upon the mortgage and note secured thereby, in the sum of $4,122.52 and through garnishment proceedings collected $263.22.

In February, 1934, plaintiff commenced suit, in chancery, upon the $1,000 note and mortgage for foreclosure of the same. The defendants admit the execution of the note and mortgage, but claim a set-off of the following items:

1. The sum of $263.22 paid to Fantus, a holder of one of the mortgages, through garnishment proceedings;

2. The sum of $500 paid to plaintiff for renewal of the second mortgage, but which plaintiff kept and used for his own purpose;

3. The sum of $180 paid to plaintiff to renew the first mortgage with like results as to the $500 payment;

4. The sum of $318 paid to plaintiff to be paid for taxes, which plaintiff failed to pay.

Defendants claim that all of these items, the total of which is $1,261.22, were paid to plaintiff to be used for specific purposes, but that plaintiff did not use any of the money for such purposes; and that these items are a legal off-set against the amount due on the mortgage and note.

At the conclusion of the testimony, the trial court denied defendants' claim of set-off and directed that a decree of foreclosure be entered, determining the amount due on the mortgage as of February 20, 1931, to be the sum of $750. Defendants, only, appeal from this decree.

The record discloses that an agreement relating to the transfer of the real estate in Chicago as well as in Michigan was entered into February 3, 1931; that the store in Chicago was incumbered with a first mortgage of $6,000 and a second mortgage of $4,000; that one of the mortgages would become due May 1, 1931; and that the defendants promised to renew this mortgage at their own expense. This agreement in writing was consummated by the transfer of the properties as of February 20, 1931, and, by the terms of the agreement, it was the duty of the defendants to renew the mortgage without cost to plaintiff. However, the record does not disclose whether the $6,000 or the $4,000 mortgage was to be renewed by defendants at their own cost. The record also discloses that plaintiff admitted having received the sum of $500 from the defendant Joseph Schimmel for the purpose of renewing the second mortgage, and that failing to get the renewal of the

first mortgage, he (plaintiff) kept the said sum of $500.

When one has money in his possession which, in equity and good conscience, belongs to another an action lies therefor. *Hoyt* v. *Paw Paw Grape Juice Co.*, 158 Mich. 619.

Error is assigned on the refusal of the court to allow defendants a set-off for the $180 claimed paid for renewal of the first mortgage; for the $318 claimed paid for taxes; and the $263.22 that defendants were compelled to pay in the garnishment proceedings.

It is difficult to determine just what item or items the trial judge allowed as a set-off, but as to the item of $500, which plaintiff admits he received to be used for a definite purpose and was not so used, we think it is a proper item of set-off and as to the other items the record does not convince us that they are proper matter of set-off.

The cause will be remanded to the trial court with directions to enter a decree determining the amount due on the mortgage as of February 20, 1931, to be the sum of $500. Defendants may have costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.